**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4500-15T3

IN THE MATTER OF

CITY OF ELIZABETH,

    Petitioner-Respondent,

and

ELIZABETH SUPERIOR OFFICERS
ASSOCIATION and PBA LOCAL 4,

    Respondents-Appellants.

_____

Submitted September 14, 2017 — Decided September 25, 2017

Before Judges Nugent and Currier.

On appeal from the New Jersey Public Employment Relations Commission, Docket No. SN-2016-046 and SN-2016-047.

Mets Schiro McGovern & Paris, LLP, attorneys for appellants (James M. Mets, of counsel and on the briefs; David M. Bander, on the briefs).

Lum, Drasco & Positan, LLC, attorneys for respondent City of Elizabeth (Wayne J. Positan and Daniel M. Santarsiero, of counsel; Mr. Santarsiero and Christina Silva, on the brief).

Robin T. McMahon, General Counsel, attorney for respondent New Jersey Public Employment

                    Relations Commission (Frank C. Kanther, Deputy
                    General Counsel, on the brief).

PER CURIAM

In October 2015, the City of Elizabeth implemented a new automated time, attendance, and payroll system that required Police Department Captains, Lieutenants, and Sergeants (superior officers), and Detectives working in the Detective Bureau, Juvenile Unit, and Narcotics Unit, to scan their fingers at the beginning and end of each tour of duty to sign in and out of work. The Elizabeth Superior Officers Association and PBA Local 4 (Unions) filed grievances and ultimately demanded binding arbitration. When the Unions demanded arbitration, the City filed two scope-of-negotiations petitions with the Public Employment Relations Commission (P.E.R.C.). After determining that the City's implementation of the timekeeping system was neither mandatorily nor permissively negotiable, P.E.R.C. restrained binding arbitration. The Unions appealed. We have considered the Union's arguments under the applicable standard of review and determined P.E.R.C.'s decision is neither arbitrary nor capricious. We therefore affirm.

According to the City's Police Director, the City implemented the new system because the previous manual timekeeping procedure was insufficient to accurately track and document the

officers and detectives who were on duty on a given day or at a given time. The Police Director explained that the manual system had "raised suspicions that some people were reporting that they had worked on days or at times when they actually did not." The Director claimed these suspicions were confirmed in November 2015, when the new system disclosed no superior officers or detectives signed into work on Thanksgiving day. In the previous three years, a majority of the same officers had self-reported that they worked on Thanksgiving day. Lastly, the Police Director certified that no officer had been disciplined for being late or absent since the City implemented the new timekeeping system.

The Elizabeth Superior Officers Association, representing the City's superior officers, and PBA Local 4, representing rank-and-file police officers, filed grievances under applicable collective negotiations agreements. After the Police Director denied the Unions' grievances, the Unions demanded binding arbitration.

The City filed two scope-of-negotiations petitions seeking to restrain binding arbitration. P.E.R.C. granted the restraints. Citing longstanding precedent, P.E.R.C. determined that "a public employer has a managerial prerogative to establish and implement timekeeping procedures to verify that employees are at work when they are required to be." In re City of Elizabeth, P.E.R.C. No. 2016-83, 42 N.J.P.E.R. ¶158, 2016 N.J. PERC LEXIS 55 at 5 (2016).

P.E.R.C. concluded the Unions had not met the standard for mandatory or permissive negotiability "because the finger scan requirement has at most a minimal effect on employee work and welfare and allowing a challenge to the new timekeeping system would place substantial limitations on the City's governmental policy making powers." Ibid.

On appeal, the Unions argue:

> POINT I
>
> PERC'S MANIFEST ERROR IN REFUSING TO ALLOW NEGOTIATIONS OVER THE NEGOTIABLE EFFECTS OF THE IMPLEMENTATION OF THE TIMEKEEPING DEVICE IS "ARBITRARY, CAPRICIOUS, AND UNREASONABLE."
>
> POINT II
>
> WHETHER THE UNIONS HAVE ALLEGED ONLY "SPECULATIVE" EFFECTS OF THE CITY'S POLICY IS A PROCEDURAL QUESTION FOR THE ARBITRATOR TO DECIDE AND NOT PERC.

Having considered the Unions' arguments under our deferential standard of review, City of Jersey City v. Jersey City Police Officers Benevolent Ass'n, 154 N.J. 555, 567-68 (1998), we affirm, substantially for the reasons expressed in P.E.R.C.'s decision. The decision is supported by sufficient credible evidence on the record as a whole, R. 2:11-3(e)(1)(D), and is neither arbitrary nor capricious, Jersey City Police Officers Benevolent Ass'n, supra, 154 N.J. at 568. The Unions' arguments are without

sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4500-15T3